H. ANKRUM, Appellant v. THE CITY OF MARSHALLTOWN.

**Plea and Proof:** OBJECTIONS: *waiver.* Where defendant, without objection, permits plaintiff to introduce evidence of pain and suffering which tends to prove the alleged disability, he does not thereby concede plaintiff's right to recover for bodily pain and mental anguish not prayed for in the petition.

PERSONAL INJURY DAMAGES. Allegations that plaintiff suffered permanent disability in consequence of an injury will support a recovery for such disability as it existed, though it were not permanent; and under such pleading, where the jury was instructed that plaintiff, alleging permanent injury, should recover all damages directly resulting therefrom and sufficient to compensate for the extent and duration of the injury, and all damages, present

and future, necessarily resulting, the fact that it specially found that the injury was not permanent does not limit the verdict to the actual pecuniary loss.

**Amendment:** *Discretion.* Refusal of leave to amend pleadings to conform to proof was not an abuse of discretion, where the motion was made several days after verdict.

**Appeal:** REVIEW: *Objections below.* Plaintiff had a verdict but appealed from a refusal to allow him to amend after verdict and from a reduction of his verdict. *Held,* errors assigned on matters occurring in the course of trial not brought to the. attention of the court below by application for new trial, or otherwise, cannot be reviewed.

RULES AS TO SIZE OF TYPE. The fact that a paper filed in the supreme court is printed in type larger than is prescribed by the court rules is not ground for striking it from the files, when the difference is so slight that it is not easy to say whether the rule has been violated.

*Appeal from Marshall District Court.*—HON. G. W. BURNHAM, Judge.

TUESDAY, MAY 17, 1898.

ACTION to recover five hundred dollars for personal injuries caused by a defective plank sidewalk. Defendant answered, denying generally. The case was tried to a jury, and a verdict in favor of the plaintiff for three hundred dollars, together with certain special findings, returned. On September 15, 1896, defendant moved for judgment, notwithstanding the verdict, and, subject to that motion, also moved to set aside the verdict, and to reduce the amount thereof to fifty dollars. Subject to both of said motions, the defendant on the same day moved for a new trial. On September 16th the plaintiff moved for leave to amend his petition as per amendment accompanying the motion. On September 23d plaintiff's motion for leave to amend and defendant's motion for judgment were both overruled, and defendant's motion to reduce the amount of the verdict to fifty dollars was sustained, and judgment entered

accordingly.   No ruling was made upon defendant's motion for a new trial.   Plaintiff appeals.—*Reversed.*

*J. M. Holt* and *J. L. Carney* for appellant.

*C. H. E. Boardman* and *H. E. J. Boardman* for appellee.

GIVEN, J.—I.   Plaintiff assigns and argues errors as occurring in the course of the trial prior to the rendering of the verdict.   The verdict is in favor of the plaintiff, and he has not complained thereof, by asking a new trial, or otherwise, but is content therewith as rendered.   He has not afforded the lower court opportunity to review these alleged errors occurring before the verdict, and cannot, therefore, be heard to urge them in this court.   The only questions presented by this appeal are whether the court erred in refusing plaintiff leave to file his proffered amendment, and whether it erred in sustaining the defendant's motion to reduce the amount of the verdict.   These questions we will now proceed to consider, and first as to the proffered amendment.

II.   The petition, after charging negligence upon the defendant, and setting forth the manner in which the injury was received, alleges that thereby plaintiff "received great bodily injury and harm, and was made sick and lame, and was confined to his house and bed, and detained from his business, in the busiest season of the year, for a period of two months, in consequence whereof he was compelled to expend the sum of twenty dollars for help to take his place in the field as a farmer, and in the further sum of thirty dollars for medical attendance and nursing, and has been made permanently lame, causing a permanent disability, to his damage in the sum of four hundred and fifty dollars."   The amendment which plaintiff asked leave to file was to

insert after the word "disability," as quoted above, the words, "and has suffered great mental anguish and bodily pain, and has undergone great physical suffering." This leave was asked to conform the petition to the proof made. While it is true the plaintiff and his wife were permitted to testify, without objection, to pain and suffering endured by the plaintiff, this evidence was admissible as tending to show the disability alleged, and was therefore not open to objection; and, by not objecting, the defendant should not be understood as having conceded plaintiff's right to recover for mental anguish and bodily pain. This application was not made until several days after the verdict was rendered, and was an application addressed to the discretion of the court. Whether to grant such leave was largely in the discretion of the court, and we have many times said that we will not interfere with the exercise of that discretion except where it appears to have been abused. Made when it was, we cannot say that the court abused its discretion in refusing to allow the amendment.

III.    Defendant's motion to reduce the verdict was upon the ground that the damages prayed for in the petition, and as instructed by the court, were limited to the claim for help in the field, for medical attendance and nursing, and for being made permanently lame and disabled. The jury answered specially in response to the question, "Is plaintiff permanently injured?" in the negative. Defendant's contention is that by this answer the only damages that could be recovered, under the petition, were for the help in the field, and for medical attendance and nursing; but this, we think, is too contracted a view of the allegations of the petition. It alleges that plaintiff has been made permanently lame, causing a permanent disability, to his damage in the sum of four hundred and fifty dollars.

It is a familiar rule that a party is not always bound to prove all that he alleges. Here is an allegation of permanent lameness and permanent disability—an allegation of lameness and disability that would continue through the life of the plaintiff. Now, clearly, the plaintiff was not bound to prove that the disability would so continue, or to recover nothing on account thereof. Surely he might prove that it had continued, or would continue for a less period. If he had alleged that the disability was total, he would be entitled, under that allegation, to recover upon evidence that it was less than total. We have said that the evidence as to mental anguish, pain, and suffering was properly admitted, without objection, as bearing upon the question of the extent and duration of the disability alleged; and while it may be true, as contended, that plaintiff is not entitled to recover, under the allegations of his petition, for pain and mental anguish, as a distinct element of damage, he was certainly entitled to recover for disability for what time it was shown that it had or might exist. The court instructed the jury that if they found that the defendant was negligent, and that the plaintiff was thereby injured, "then he is entitled to recover for all damages naturally and directly resulting to him from such injury as shown by the evidence"; also, that, to recover, the plaintiff must show that the defendant was negligent, and "that the plaintiff had suffered some substantial injury therefrom; that is, that he has been made sick or lame, or has been maimed or crippled, or has been put to some expense for medical or surgical attendance, by reason of the injury so sustained." The jury was also told that, if it found for the plaintiff, the amount of his recovery would be such sum as would fairly and reasonably compensate him for the necessary expense incurred in treating the injuries, loss of time, "and the extent and

duration of the injury, and all damages, present or future, which from the evidence can be treated as the necessary result of the injury complained of." Surely, under these instructions, the jury might very well have allowed the plaintiff for more than the help in the field and the medical attendance and nursing, notwithstanding their finding that he was not permanently injured. We think the court erred in sustaining the defendant's motion to reduce the amount of the verdict.

IV. Appellee, in its denial of, and amendment to, the abstract, asks, by way of amendment, that certain parts of the abstract be stricken out, as not material to the appeal. Appellant, in his denial of appellee's amendment, asks that certain parts thereof be stricken out, for the same reason. The parts thus asked to be stricken out are, we think, more or less pertinent to the questions presented by the appeal, and should not be stricken out. Appellee moves to strike appellant's denial of amendment to abstract, "for the reason that it is not printed with type commonly known as small pica," as required by rule 66. In support of the motion, appellee, shows, by the affidavit of Will Ennis: That he is a practical printer; that appellant's denial is printed with what is known as "pica," a larger type than small pica, and that it consumes more space (runs less lines to the page, and less words to the line) than small pica. The denial is printed with a somewhat larger and plainer type than the motion, which is said to be in small pica. The difference is so slight that we cannot say that appellant's denial is not within the rule, and therefore the motion is overruled.

Our conclusion upon the whole record is that, for the error in sustaining the defendant's motion to reduce the amount of the verdict, the judgment of the district court should be reversed.—REVERSED.